**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4375**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANG THANH HUYNH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:19-cr-00057-MSN-11)

Submitted:  February 27, 2026                    Decided:  March 19, 2026

Before DIAZ, Chief Judge, GREGORY, Circuit Judge, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Stephanie Kessler, KESSLER DEFENSE LLC, Norfolk, Virginia, for Appellant.  Lindsey Halligan, United States Attorney, Todd W. Blanche, Deputy Attorney General, Robert K. McBride, First Assistant United States Attorney, Daniel J. Honold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sang Thanh Huynh appeals the 192-month sentence imposed following his guilty plea to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g); conspiracy to participate in racketeering, in violation of 18 U.S.C. §§ 1961, 1962(d); conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846; and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B). On appeal, Huynh argues that the district court reversibly erred when imposing certain discretionary conditions of his supervised release. The Government partially agrees and concedes that our precedents require us to vacate Huynh's sentence and remand for resentencing.

A "confession of error by the government respecting a criminal conviction" does not "relieve this court of the performance of the judicial function to examine independently the errors confessed." *United States v. Brainer*, 691 F.2d 691, 693 (4th Cir. 1982) (citation modified). Rather, even when the Government "concedes the correctness of [the] defendant's view of the law" on appeal, we must still carry out that duty. *Id.*

After review, we agree that there is a material discrepancy between the district court's pronouncement of two special conditions of Huynh's supervised release and the special conditions contained in the written judgment. Our precedents dictate that this error requires us to vacate Huynh's sentence and remand for full resentencing.[*] *See United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.), *cert. denied*, 145 S. Ct. 208 (2024).

---

[*] We therefore do not address Huynh's contention that the district court also did not adequately pronounce the standard conditions of supervised release contained in the written judgment.

2

3

Accordingly, we vacate Huynh's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3